IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-8655 |
| ) | |
| v. ) | Judge Amy J. St. Eve |
| ) | |
| DR. DAVIS and DR. PAUL, each ) individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court denies Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [39] Defendants shall file their answer by 8/3/16. Parties shall file a joint proposed discovery plan by 8/5/16. Status hearing set for 9/1/16 is stricken and reset to 8/11/16 at 8:30 a.m.

## STATEMENT

On March 24, 2016, Plaintiff Jeffrey Anderson, by counsel, filed a one-count First Amended Complaint against Defendants Dr. Barbara Davis and Dr. Reena Paul alleging a Fourteenth Amendment due process deliberate indifference claim regarding his serious medical condition while he was a detainee at the Cook County Department of Corrections ("CCDOC"). Before the Court is Defendants' Rule 12(b)(6) motion to dismiss. For the following reasons, the Court denies Defendants' motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1397, 1949, 172 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded

facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that he was incarcerated at the Cook County Jail from January 2015 to August 9, 2015. (R. 28, First Amend. Compl. ¶¶ 19, 33.) After arrival in January, Plaintiff started to feel mild pain when urinating and noticed a small bump on his penis. (*Id.* ¶ 19.) On March 2, 2015, Plaintiff had an appointment with Dr. Luis Sanchez, who informed him that he would soon have an appointment with a urologist. (*Id.* ¶ 20.) Plaintiff alleges that by April 13, 2015, he had not heard anything regarding an appointment with a urologist. (*Id.* ¶ 21.) Plaintiff thus reported mild pain in his penis and requested an appointment with a urologist through a Health Services Request ("HSR") form, the typical mechanism CCDOC detainees use to access medical care. (*Id.* ¶¶ 21, 10.) Plaintiff received an appointment scheduled for April 18, 2015, but this appointment was cancelled. (*Id.* ¶ 22.) On May 14, 2015, Plaintiff completed a second HSR form. (*Id.* ¶23.) He noted that the bump on his penis had grown and that he had constant mild pain and moderate to severe pain when urinating. (*Id.*) He requested to see a urologist as soon as possible. (*Id.*)

On May 18, 2015, Plaintiff had an appointment with Defendant Davis, a physician practicing medicine at Cermak Health Services of Cook County, which provides health care services to CCDOC detainees. (*Id.* ¶¶ 24, 5-6.) Plaintiff alleges that he explained to Defendant Davis the pain he was experiencing and the rapid growth of the bump on his penis. (*Id.* ¶ 24.) Defendant Davis examined Plaintiff's penis and told Plaintiff that she would schedule an appointment for him to see a urologist "soon." (*Id.*) On June 1, 2015, Plaintiff submitted a third HSR form stating that he needed to see a urologist or specialist very soon. (*Id.* ¶ 25.)

On June 15, 2015, Plaintiff had an appointment with Defendant Paul, a physician practicing medicine at Cermak Health Services. (*Id.* ¶¶ 6, 26.) Defendant Paul examined Plaintiff's penis, ordered an ultrasound, and also told Plaintiff he would schedule an appointment to see a urologist "soon." (*Id.* ¶ 26.) On June 23, 2015, Plaintiff went to have the ultrasound. (*Id.* ¶ 27.) The ultrasound technician informed Plaintiff that although the order for the ultrasound listed penile pain as the reason for the ultrasound, the order only covered testicles. (*Id.*) Plaintiff alleges that the technician thus completed an ultrasound only for his testicles, although his testicles did not pose an immediate concern. (*Id.* ¶¶ 27, 41.)

Thereafter, Plaintiff completed an Inmate Grievance form on June 27, 2015, to report this series of events and his concern that there was gross disregard for his medical condition. (*Id.* ¶ 28.) He also noted on his grievance form that he did not have an appointment with a urologist until September 8, 2015. (*Id.*) On July 6, 2015, Plaintiff filed a fourth HSR form reporting increased pain while urinating, occasional traces of blood in his urine, and rapid growth of the bump on his penis. (*Id.* ¶ 29.) Also, he requested an earlier appointment date with a urologist. (*Id.*) On July 13, 2015, Defendant Paul saw Plaintiff for a follow-up appointment and informed Plaintiff that the test results from the ultrasound of Plaintiff's testicles were negative. (*Id.* ¶ 30.) At that time, Plaintiff explained to Defendant Paul the importance of receiving an earlier appointment with a urologist. (*Id.*) On July 16, 2015, Plaintiff again requested an earlier

appointment in a second Inmate Grievance form. (*Id.* ¶ 31.) On July 23, 2015, Plaintiff completed a third Inmate Grievance form, this time noting severe pain and his fear that he was being denied proper medical attention. (*Id.* ¶ 32.) Again, he requested that he receive an earlier urologist appointment. (*Id.*)

On or about July 31, 2015, the Cook County State's Attorney's Office dismissed all charges against Plaintiff. (*Id.* ¶ 33.) He remained detained in the Cook County Jail until August 9, 2015, when he was transported to Kentucky due to a pending arrest warrant. (*Id.* ¶ 33.) The charges in Kentucky were dismissed on or about November 9, 2015. (*Id.*) Plaintiff then returned to the Chicago area, where he was arrested for violating a restraining order and other charges on December 14, 2015. (*Id.* ¶¶ 34-35.) Plaintiff alleges that – to date – he has yet to receive treatment for the bump on his penis. (*Id.* ¶ 36.)

## ANALYSIS

Because Plaintiff was a detainee at the CCDOC, his deliberate indifference claim is based on the Due Process Clause of the Fourteenth Amendment. *Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L.Ed.2d 416 (2015)). The due process clause "applies essentially the same deliberate indifference analysis to detainees as the Eighth Amendment does to inmates." *Pittman ex rel. Hamilton v. Cnty. Of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "A plaintiff claiming a constitutional violation under § 1983 for denial of medical care must meet both an objective and subjective component." *Id.* Specifically, a detainee "must demonstrate (1) an objectively serious medical condition and (2) that the defendant subjectively 'acted with a sufficiently culpable state of mind' in failing to provide adequate care or treatment for that condition." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 349 (7th Cir. 2016) (quoting *Greeno v. Daley* 414 F.3d 645, 653 (7th Cir. 2005)). As to the second requirement, "[d]eliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment, acts in a manner contrary to the recommendation of specialists, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio,* 792 F.3d 768, 777 (7th Cir. 2015) (internal citations omitted).

In their motion to dismiss, Defendants Davis and Paul argue that Plaintiff fails to sufficiently allege the subjective component of his medical indifference claim. Specifically, Defendants argue that their failure to take further action does not qualify as deliberate indifference because Defendant Paul referred Plaintiff to a urologist and informed Plaintiff of his appointment scheduled for September 8, 2015. In making this argument, Defendants rely on *Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008), and *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005). Specifically, Defendants rely on the following statement: "We do not think [the defendant's] failure to take further action once he has referred the matter to the medical providers can be viewed as deliberate indifference." *Hayes*, 456 F.3d at 526-27 (quoting *Greeno v. Daley*, 414 F.3d at 653). Defendants' reliance on *Hayes* and *Greeno*, however, is misplaced at this procedural posture.

In *Hayes* and *Greeno*, the Seventh Circuit concluded that because non-medical employees referred serious conditions to medical personnel, summary judgment in favor of the

3

non-medical defendants was appropriate. *Hayes*, 546 F.3d at 526-27; *Greeno*, 414 F.3d at 655-56. The court in *Hayes* reasoned that non-medical defendants were "entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care." *Hayes*, 546 F.3d at 527. In this case, however, Defendants are medical personnel, and cannot rely on the argument that they were entitled to defer to the judgment of others.

Furthermore, in *Hayes*, the Seventh Circuit determined that the medical defendant, Dr. Hamby, failed to make any referral to a urologist when one was obviously necessary. *Hayes*, 546 F.3d at 526. The court, however, did not go as far as to say that a referral would be sufficient to rebut a deliberate indifference claim. Indeed, the court in *Hayes* notes, "Hayes does not need to prove that his complaints of severe pain were literally ignored; rather, he must show only that the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregard his needs." *Id.* at 524 (citing *Greeno*, 414 F.3d at 653). Moreover, Defendants in the instant case fail to point to any controlling legal authority that once a physician refers a detainee or inmate to a specialist, the physician is completely insulated from liability, as Defendants' argument suggests.

Next, Defendants contend that an inmate's dissatisfaction with the medical care he receives does not state a constitutional claim for deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 25, 50 L.Ed. 2d 251 (1976). Yet, the Seventh Circuit has held that a plausible grievance of deliberate indifference is sufficient to survive a motion to dismiss. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Indeed, the Seventh Circuit teaches that "[a] prisoner's statement that he repeatedly alerted medical personnel to a serious condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted." *Id.* at 594. Viewing the facts and all reasonable inferences in the most favorable light to Plaintiff, he has alleged a plausible claim that is not necessarily a mere issue of dissatisfaction with the doctors' medical judgment.

The Seventh Circuit has also concluded that eventual care is not necessarily sufficient to defend against deliberate indifference claims. "A delay in the provision of medical treatment for painful conditions – even non-life-threatening conditions – can support a deliberate indifference claim, so long as the medical condition is 'sufficiently serious or painful.'" *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008) (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)). As discussed, "[d]eliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety…delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez,* 792 F.3d at 777. A plaintiff need only show that the "defendant knew of a substantial risk of harm to the inmate and acted or failed to act in disregard to that risk." *Id.* at 780 (quoting *Gil v. Reed*, 381 F.3d 649, 661 (7th Cir. 2004)).

Here, Defendants do not challenge that Plaintiff had a serious medical condition and Plaintiff sufficiently alleges that Defendants knew that he suffered a serious medical condition, namely, a painful growth on his penis. Specifically, Plaintiff alleges that both Defendants examined his penis and that he described to them the rapid growth of the bump, as well as the pain he was experiencing. (First Amend. Compl. ¶¶ 24, 26, 30.) He also contends that Defendants knew his condition required urgent care because he filed several requests insisting on

4

immediate attention from a specialist and informed Defendant Paul personally of his need to see a specialist as soon as possible. (*Id.* ¶¶ 23, 25, 29-32.) According to Plaintiff's allegations, rather than provide Plaintiff with the urgent care requested, Defendants scheduled an appointment with a urologist for several months out. Furthermore, the first such scheduled appointment was cancelled. Construing all facts and all reasonable inferences in Plaintiff's favor, these allegations include enough factual details to present a story that "holds together" in relation to Plaintiff's claim that Defendants' were deliberately indifferent to his serious medical condition. *See Runnion v. Girl Scouts of Greater Chicago & NW Ind.,* 786 F.3d 510, 526 (7th Cir. 2015); *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The fact that a urologist appointment existed on the books does not defeat Plaintiff's deliberate indifference claim as Defendants argue. *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010) (concluding that a physician's delay in authorizing a referral to a specialist could support a deliberate indifference claim if the defendant was aware of the severity of the inmate's medical condition).

Nevertheless, Defendants contend that Plaintiff is impermissibly alleging liability under some form of *respondeat superior* or supervisory liability. *See Perez*, 792 F.3d at 781 ("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it.") (citation omitted). Plaintiff, however, does not make any such assertion. Rather, he alleges that Defendants are liable because they were aware of a serious medical condition and failed to provide adequate medical treatment for his condition. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'") (citation omitted). Therefore, this argument is without merit.

Last, Defendants assert that Plaintiff has somehow pleaded himself out of court because he admits Defendant Paul ordered an ultrasound of his penis and that a technician completed this ultrasound on June 23, 2015. (First Amend. Compl. ¶¶ 26, 27, 30.) Plaintiff, however, alleges that this ultrasound was not for his penis, but his testicles, which were not of immediate concern. (*Id.* ¶ 27.) As such, viewed in his favor, Plaintiff's allegations that he received an ultrasound do not amount to an admission that he received constitutionally sufficient medical care. *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

Under the circumstances, Plaintiff has sufficiently alleged a plausible deliberate indifference claim. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court denies Defendants' motion to dismiss.

**Dated**: July 13, 2016

**AMY J. ST. EVE**
**United States District Court Judge**